**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNULFO VARGAS-CORTES, | No. 21-70322 |
| Petitioner, | Agency No. A077-490-813 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted March 11, 2022[**]
Portland, Oregon

Before: GRABER, BEA, and M. SMITH, Circuit Judges.

Petitioner Arnulfo Vargas-Cortes, a native and citizen of Mexico, seeks

review of an immigration judge's ("IJ") determination that Petitioner failed to

establish a reasonable possibility of persecution or torture if he is removed to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mexico. Reviewing the IJ's decision for substantial evidence, <u>Andrade-Garcia v. Lynch</u>, 828 F.3d 829, 833 (9th Cir. 2016), we deny the petition.

1. Substantial evidence supports the determination that Petitioner did not establish a reasonable fear of persecution or torture in Mexico The IJ properly addressed both particularized social groups proposed by Petitioner. <u>See Reyes v. Lynch</u>, 842 F.3d 1125, 1137 (9th Cir. 2016) (concluding that the Board of Immigration Appeals' construction of the phrase "particular social group" is permissible and entitled to deference). Although Petitioner contends that <u>Reyes</u> was wrongly decided, it is binding precedent for this court. The IJ also permissibly determined that Petitioner failed to demonstrate a nexus between any risk of harm and Petitioner's membership in either of those alleged particular social groups. <u>See</u> <u>Zetino v. Holder</u>, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an applicant's desire to be free from random criminal activity bears "no nexus" to a protected ground).

2. Substantial evidence also supports the determination that Petitioner failed to show that the Mexican government would acquiesce or be willfully blind to any potential torture. Petitioner's evidence that friends have told him that the police work with cartels and that the police are ineffective at investigating crimes does not compel a contrary finding. <u>See Andrade-Garcia</u>, 828 F.3d at 836 ("[A] general

ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.")

**PETITION DENIED.**